**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA for use of<br>COKER ELECTRIC, LLC | PLAINTIFF |
| v.                    CASE NO. 5:06CV00270JLH | |
| GOVERNMENT TECHNICAL SERVICES, LLC;<br>and GRAY INSURANCE COMPANY d/b/a<br>GRAY SURETY | DEFENDANTS |

**ORDER**

Coker Electric, LLC, brought this action pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134. Congress enacted the Miller Act in 1935 to protect subcontractors who work on government building projects. *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 93 (S.D.N.Y. 2005). The Miller Act requires government contractors to furnish a payment bond for the protection of all persons supplying labor and material. The Act also authorizes a subcontractor to collect on the payment bond by bringing a civil action in the United States District Court in the district in which the contract was performed. 40 U.S.C. § 1333; *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 264 (1999).

Coker Electric alleges that it entered into a lump sum contract on February 22, 2005, with Government Technical Services, LLC ("GTS"), Contract No. GTS-AR-05001/W9127S-04-D-500l, to be a subcontractor on a construction project at the Pine Bluff Arsenal's Explosive Destruction System for a total contract price of $209,840.00. Gray Surety issued a payment and performance bond, Bond No. GSM 12019, to guarantee payment for materials and labor furnished on the Project. Coker Electric alleges that it has received periodic payments totaling $171,318.00 toward the total contract price, and that upon completion of the Project GTS refused Coker Electric's demand to pay

the amount remaining. Coker Electric claims that it is owed $42,052.85 from GTS under the contract. Coker Electric seeks payment against the bond from Gray Surety for the principal amount GTS owes Coker Electric, plus interest and attorney's fees. Coker Electric alleges that GTS is in material breach of its contract. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over plaintiff's breach of contract claim against GTS.

GTS has filed a motion to compel arbitration.[1] Article 6 of the contract governs arbitration. It provides:

> 6.1 At the Contractor's option, any controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, may be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor. If the Prime Contract does not provide for arbitration or fails to specify the manner and procedure for arbitration, it shall be conducted in accordance wit the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise. If the parties agree to arbitrate, the hearing may not be conducted any sooner than twelve weeks after final completion. To be timely, the demand for arbitration must be made in writing within six months of substantial completion. The location for any arbitration hearing shall be determined by the Contractor.
>
> 6.2 Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Subcontract shall include, by consolidation or joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Owner, Owner's employee, the Owner's consultant, or an employee or agent of any of them. Any written agreement to arbitrate with an additional person or persons referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof. Under no circumstances may the Subcontractor compel the participation or involvement of the Government , (or its employees or agents), as a party to any arbitration proceeding.

---

[1] GTS did not file a brief in support of its motion as required by Local Rule 7.2.

> 6.3 The Contractor shall give the Subcontractor prompt written notice of any demand received or made by the Contractor for arbitration if the dispute involves or relates to the Work, materials, equipment, rights or responsibilities of the Subcontractor. The Contractor shall consent to inclusion of the Subcontractor in the arbitration proceeding whether by joinder, consolidation or otherwise, if the Subcontractor requests in writing to be included within ten days after receipt of the Contractor's notice.
>
> 6.4 The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Coker Electric asserts that the motion should be denied because (1) the arbitration provision is permissive rather than mandatory; (2) the arbitration clause in the subcontract lacks mutuality; and (3) GTS has waived its alleged right to arbitrate. Coker Electric also notes that a surety cannot be compelled into arbitration with a subcontractor unless it has waived its right to exclusive jurisdiction in federal court. *United States ex rel. Capital Elec. Constr. Co., Inc. v. Pool and Canfield, Inc.*, 778 F. Supp. 1088 (W.D. Mo. 1991). Gray Surety has not waived its right to exclusive jurisdiction in federal court. For that reason, Coker Electric contends that this case should not be submitted to arbitration.

When considering whether the parties agreed to arbitrate a dispute, the Court should apply ordinary state-law principles governing the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Whether an arbitration agreement is valid and enforceable is also a matter of state law. *Faber v. Menard*, 367 F.3d 1048, 1052 (8th Cir. 2004). The contract between GTS and Coker Electric provides that it is governed by the laws of the State of Arkansas, so the Court will apply Arkansas law to determine whether the arbitration clause is valid and enforceable.

The arbitration clause here can be construed either as providing for arbitration of disputes if both parties agree to arbitrate after a dispute arises, or it can be read as requiring arbitration at the sole option of GTS. The second full sentence of paragraph 6.1 provides, "If the parties agree to arbitrate, the hearing may not be conducted any sooner than twelve weeks after final completion." That sentence suggests that when a dispute arises, the dispute will be resolved by arbitration if both parties agree to arbitrate. Coker Electric does not agree to arbitrate. The first sentence of paragraph 6.1 says, "At the Contractor's option, any controversy or claim between the Contractor and the Subcontractor . . . may be settled by arbitration." That sentence could be read as mandating arbitration at the sole option of GTS. If the arbitration clause of the contract is construed to require arbitration at the option of one party while denying the other party the right to invoke arbitration, the clause is invalid and unenforceable under Arkansas law. *Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 145-46, 147 S.W.3d 681, 687 (2004).

Thus, if the contract is construed to say that a dispute will be arbitrated if both parties agree to arbitration, the motion to compel arbitration must be denied because Coker Electric does not agree. If the contract is construed to say that arbitration may be compelled at the sole option of GTS, the arbitration clause is invalid under Arkansas law. Either way, this Court cannot compel arbitration.[2]

---

[2] Assuming a valid agreement to arbitrate, GTS arguably has waived its right to seek arbitration of the dispute. The contract provides that GTS must have made a written demand for arbitration within six months of substantial completion. The only information in the record regarding the date of substantial completion is the complaint, which alleges that Coker Electric completed the Project on May 16, 2006. GTS filed its motion to compel arbitration on February 20, 2007, more than six months after this date. GTS has therefore failed to show that it made a demand for arbitration within six months of the date of substantial completion.

Accordingly, the motion to compel arbitration is DENIED.  Document #13.

IT IS SO ORDERED this 9th day of May, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE